## DELAWARE CIRCUIT.

SEPTEMBER, 1846.

Before EDMONDS, Circuit Judge.

THE DELAWARE BANK v. JOHN SMITH.

A carrier without hire is liable, on his express promise, to deliver safely.

In such case trover will lie, in case of a non-delivery agreeable to a promise, if there was an actual conversion, or if the carrier had the property in his possession at the time of a demand on, and refusal by, him to deliver it.

An actual loss of the property by the carrier would be a good defense.

In trover, for bank-bills issued by the plaintiff, the damages would be merely nominal, if the bills had been destroyed. But if used by the defendant, the rule of damages would be the face of the bills, and the interest on them.

THIS was an action of trover for a package of money.

On the trial of the cause it appeared that defendant was at plaintiff's banking-house, on 27th March, 1846, and was asked, by the president of the bank, if he knew Marvin Wheeler, and should see him on his return home? To which the defendant made no definite reply, and said he would call in again. On the same day he called again at the bank, said he knew W., and should see him on business the next day. The president said he had a package of money to send to him, and the defendant said he would take it and deliver it to him the next day. A package, containing $1,463.09, which was marked on the outside, was then delivered to him. Three days afterward he returned to the banking-house and said he had lost the money in crossing a stream on his way home.

It appeared, also, on the trial, that he had no business with Wheeler, that he had not delivered the money to him, that it

had been demanded of him, and he refused to return it, saying that he had lost it.

On this evidence, a motion for a nonsuit was made, which was refused on the ground that it was a proper question to be submitted to the jury, whether there was an actual conversion by the defendant.

The evidence offered for the defendant showed that he had traveled homeward during the night-time; that he was first seen, after the alleged loss, at a tavern, five miles distant from the stream he had crossed, without a hat, and one boot gone; that he had passed eight houses during that five miles, without giving the alarm; that his overcoat was wet, but not his inner garments, except his pantaloons up to his knees; that two other packages, for other persons, which he had carried in his pantaloons pocket, were not wet, but that ten dollars had been abstracted from one of them; that he objected to search being made, declaring it was useless; that on the day he obtained the package from the bank, and about the same hour, he put on record a mortgage on his farm to his father-in-law, to nearly the value of the farm, and which was shown to be without consideration; that a few days afterward he put on file a chattel mortgage, to his brother, on all his personal property, and antedated it, both as to the time of its execution and its filing; and that his object in visiting Delhi, where the bank was located, was to obtain money to enable him to raft his lumber down the river, and failing in obtaining it, he had, on his return, sold his lumber.

*The Circuit Judge* charged the jury, that the defendant having received the package from the plaintiff, that was a sufficient consideration to support his promise to deliver it safely, and the plaintiff might have recovered on that promise, by simply proving that he had received the money, had made the promise, and had failed to perform it. But the plaintiff had not elected that form of action; on the contrary, one where more must be proved before he could recover, viz.: An actual conversion of the money by the defendant. To entitle

the plaintiff to recover, the jury must be satisfied that the defendant had the money in his possession at the time of the demand upon him, and then his refusal to deliver it would be evidence of a conversion by him, or they must be satisfied that he had actually converted it to his own use. And if they were satisfied that he had actually lost it, as he had represented, the plaintiff could not in that action recover.

And as to the damages, as it had been proved that the package contained only bills of the plaintiff's bank, if they had actually been destroyed, the plaintiff had lost nothing, and was entitled only to nominal damages, but if defendant had used them, the plaintiff would be entitled to recover the full amount thereof with interest.

Verdict for plaintiff, for amount of bills and the interest.

## NEW YORK CIRCUIT.
### FEBRUARY 14, 1846.
### Before EDMONDS, Circuit Judge.